# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO: 09-178** |
| **LIONEL PERKINS** | * | **SECTION: "I"** |

## REPORT AND RECOMMENDATION

Before the court is the Government's Motion for Bond Forfeiture Pursuant to Federal Rules of Criminal Procedure 46(f)(1) (Rec. Doc. #75). The district court referred this non-dispositive motion for hearing and determination in accordance with Title 28, United States Code, Section 636(b)(1)(A). (Rec. Doc. #85.) A hearing was held on the motion on May 20, 2010.

## Findings

Defendant Lionel Perkins was originally indicted on June 18, 2009, regarding two counts of theft of government funds. After a detention hearing, the court released defendant

on a $100,000.00 unsecured appearance bond with special conditions. (Rec. Doc. #10.) A superseding bill of information was filed on November 18, 2009, adding charges of Social Security fraud. (Rec. Doc. #28.) The charges pertain to defendant applying for, obtaining and thereafter using a social security card number in the name of his deceased brother Terry Perkins, to obtain employment. Terry Perkins died as an infant and had not applied for nor obtained a social security card number. Defendant was released on the same bond as previously ordered.

On February 9, 2010, Magistrate Judge Chasez authorized a criminal complaint against the defendant wherein it was alleged that Perkins illegally used his deceased brother's identity and social security number to obtain Medicaid benefits. The obtaining of medical benefits allegedly occurred while the original indictment and superseding bill of information were pending. Defendant self-surrendered on February 10, 2010, and appeared before Magistrate Judge Chasez for a detention hearing on February 11, 2010. Thereafter, defendant was ordered confined to a halfway house under supervision.

Meanwhile, Pretrial Services Officer, Shalita Morgan, filed a Petition for Action on Conditions of Pretrial Release, therein praying that the court order that a warrant issue for defendant's arrest and that a hearing be held to show cause why defendant's bond should not be revoked. Officer Morgan reported the following violations:

> On February 10, 2010, the defendant was arrested on new federal charges. Lionel Perkins, Jr., was charged in a Criminal

> Complaint that was filed on February 10, 2010, with knowingly and willfully executing and attempting to execute a scheme to defraud Medicaid. Specifically, it is alleged that on or about December 9, 2009, January 22, 2010, and February 4, 2010, the defendant represented himself to be Terry Lee Perkins in order to receive government assistance in the form of health care benefits under the Medicaid program.

(See Rec. Doc. #75.) Defendant's conditions of release included that he not be in violation of any federal, state or local law while on bond.

The undersigned Magistrate Judge conducted a rule to show cause hearing as to why defendant's bond should not be revoked on February 19, 2010. Thereafter, the court ordered that defendant's bond be revoked because of defendant's numerous violations. On February 25, 2010, defendant was indicted in a thirteen-count superseding indictment. (Rec. Doc. #58.)

## Law

Rule 46 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> Rule 46. Release from Custody;
>
> Supervising Detention
>
> . . . . .
>
> **(f) Bail Forfeiture.**
>
> **(1) Declaration.** The court must declare the bail forfeited if a condition of the bond is breached.

**(2) Setting Aside.** The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if:

**(A)** the surety later surrenders into custody the person released on the surety's appearance bond; or

**(B)** it appears that justice does not require bail forfeiture.

### Positions of the Parties

The government argues that despite federal indictment, the on-going federal investigation, and in contravention of the conditions of his pre-trial release, Perkins has repeatedly violated federal and state law while on pre-trial release by committing numerous acts of identity theft and receiving (or attempting to receive) federal, state, and local benefits utilizing the identity of his deceased younger brother. It is argued that these instances of identity theft and fraud during his pre-trial release - which the government contends totals approximately 20 instances and to have resulted in thousands of dollars of fraud - are in violation of Perkins' conditions of pre-trial release and, consistent with federal law and the recommendation of U.S. Pretrial Services, the court therefore appropriately revoked the defendant's bond (Rec. Doc. #54). The government thus asserts that the bond is now ripe for forfeiture.

The defendant, Lionel Perkins, argues that he was unable to obtain employment upon

release from prison because of his criminal record. For the sole purpose of obtaining honest work, he applied for, obtained, and used the social security number he was able to obtain in his deceased brother, Terry Perkins' name.

After successfully completing a multi-year employment at Avondale Shipyards, the defendant injured himself in the course and scope of his employment. Perkins was awarded full workers' compensation benefits followed by social security benefits due to his work-related injuries.

Perkins claims that all benefits paid to him were the result of injuries he personally sustained while employed at Avondale Shipyards and as a result of Federal and State taxes paid and social security benefit deductions obtained from his salary. His brother, Terry Perkins, having died as an infant, contributed nothing towards these benefits. Perkins also claims that any and all Medicaid benefits, disability checks, and worker's compensation funds and allied medical treatments were due to the person who was injured and who had, in fact, paid for the benefits and was injured on the job.

In December 2009 and January 2010, Lionel Perkins continued to use the Medicaid benefits he had paid for under the name of Terry Perkins. This action on his part, i.e., to continue to obtain and receive the **exact** same types of medication and medical treatment and assistance granted to him under the law, albeit in the name of Terry Perkins, forms the sole basis of the Government's efforts to have his bond in the amount of $100,000 dollars

forfeited in full, the defendant argues.

Counsel correctly argues that defendant Lionel Perkins was notified of the new complaint against him on or about February 10, 2010, and of the court's order to turn himself into Federal Authorities. Mr. Perkins then fully complied and reported as ordered without expense or any significant effort on the part of the Government. (See Rec. Doc. #111, page 2.)

## Law and Analysis

The Federal Rules of Criminal Procedure 46(f)(1) provides, in pertinent part, that "[t]he court must declare the bail forfeited if a condition of bond is breached." The government and the defendant each rely on **United States v. Roher,** 706 F.2d 725, 727 (5th Cir. 1983), regarding the factors that should be considered by the court with regard to bond forfeiture as well as the remission of a bond forfeiture, as follows:

> (1) the government's cost and inconvenience in regaining custody;
>
> (2) the delay caused by defendant's default;
>
> (3) the wilfulness of defendant's breach of conditions; and,
>
> (4) the public interest in ensuring the defendant's appearance.

**Id.**, citing **United States v. Parr**, 594 F.2d 440 (5th Cir. 1979). The burden of establishing grounds for setting aside or remitting a bond forfeiture rests on the party challenging it.

6

**United States v. Cervantes**, 672 F.2d 460, 461 (5th Cir. 1982). The district court has significant discretion in deciding whether to set aside or remit any part of the forfeiture and the district court's judgment will be disturbed only upon a showing of a clear abuse of that discretion. **Id.** at 461. In making this determination, the Fifth Circuit has instructed that "[t]he purpose of bail is not punitive. Its object is not to enrich the government or punish the defendant. . . The forfeiture ought to bear some reasonable relation to the cost and inconvenience to the government of regaining custody..." **Parr**, 594 F. 2d at 444. Thus, the question presented regarding whether or not Perkins' bond should be forfeited or remitted revolves around whether the violation of his bond conditions impacted upon Perkins' willingness to appear in court.

The government cites **United States v. Terrell,** 983 F.2d 653 (5th Cir. 1993), in support of its request that defendant's bond be forfeited. In **Terrell,** the defendant pled guilty to a charge of possession of marijuana with intent to distribute and was released on an unsecured bond of $50,000, with the conditions imposed that he not leave a specifically defined territory, that he submit to routine urinalysis under the direction of pretrial services and that he not possess a controlled substance. Terrell was later arrested on state charges of marijuana possession and was released the next day. Thereafter, he absconded from the supervision of pretrial services and violated his travel restrictions, thus requiring the court to issue a warrant for his arrest. After the defendant was re-arrested and pled guilty to

7

contempt of court for absconding supervision, the court determined that his bond should be forfeited as defendant's violation of his reporting requirements and his travel restrictions were sufficiently related to secure his appearance in court. The court also found that the defendant's possession of controlled substances might mean the defendant was impaired due to drug usage and less likely to appear in court. **Id.** at 655-656. Critical to the court's determination that the $50,000 bond should be forfeited was the fact that the defendant's violations held a close nexus to his ability as well as his actual failure to appear in court. **Id.**

Perkin's case is not similar to the defendant in **Terrell.** As defense counsel argues, the government had no cost or little cost involved in securing Perkins' appearance in court. Upon being notified through his legal counsel that a new complaint was filed against him, Perkins quickly turned himself in to federal authorities. Thus the first factor set forth in **Roher** weighs heavily in defendant's favor. See, 706 F.2d at 727. Considering the other three factors set forth in **Roher**, there were no delays in the criminal proceedings resulting from defendant's default nor was the public's interest in ensuring defendant's appearance compromised since the defendant never missed appearing in court. The only factor which the government can reasonably argue weighs in favor of forfeiture is the defendant's continued criminal activity in collecting medical benefits under his deceased brother's name. The court takes notice of the fact that these benefits were obtained due to defendant's deteriorating medical condition and arose out of the same criminal activity for which defendant was

charged via Superseding Bill of Information in November of 2009, i.e., fraudulently using his brother's social security identification card to obtain employment benefits. Although the criminal activity continued in that defendant sought to obtain much-needed medical benefits, the court finds defendant's "willfulness" in this regard vastly different in nature than was the case in **Terrell** where the defendant continued to conduct additional illegal drug activities.

Most importantly, the nexus required between Perkin's breach of his bond conditions and the court's ability to secure his appearance in court has not been shown. Unlike **Terrell**, the condition of release that Perkins violated, i.e., fraudulently continuing to receive benefits, *did not relate* to his appearance in court nor did Perkins ever fail to appear in court to answer the new charges brought by the government. Thus, although the court finds Perkins' breached the conditions of his bond therefore requiring forfeiture under the law, the court also finds that any amount of bail forfeiture would be punitive in nature and could not be justified based upon the need to secure the defendant's appearance before the court.

Accordingly, for all of the reasons set forth above,

IT IS HEREBY RECOMMENDED that Lionel Perkins' bail be FORFEITED due to a condition of the bond being breached.

IT IS FURTHER RECOMMENDED that the bond forfeiture in the amount of $100,000 be SET ASIDE AND/OR REMITTED in FULL.

A party's failure to file written objections to the proposed findings, conclusions, and

9

recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this  11th  day of         June        , 2010.

                                                      LOUIS MOORE, JR.
                                                     United States Magistrate Judge

**CLERK TO NOTIFY COUNSEL**

---

[1] *Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.